132 N.J. Super. 584 (1975)
334 A.2d 392
THE STATE OF NEW JERSEY, PLAINTIFF,
v.
FLETCHER BROWN, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided February 14, 1975.
*585 Mr. Neil C. Batelli for plaintiff State of New Jersey.
Mr. Salim Balady for defendant Fletcher Brown.
ALTERMAN, J.D.C., Temporarily Assigned.
This is a motion for discovery in a criminal case. Defendant stands indicted in two counts for assault with intent to rob while armed. The victims of the alleged offenses are both juveniles.
Defendant seeks to compel the State to disclose the record of delinquency adjudications against each juvenile or, alternatively, to reveal whether the juveniles are presently on *586 probation and whether juvenile delinquency complaints are now pending against either of them. The prosecution contends that such information is nondiscoverable because of the State's established policy of maintaining the confidentiality of juvenile proceedings.
The Legislature has provided:
No disposition under this act shall operate to impose any of the civil disabilities ordinarily imposed by virtue of a criminal conviction, nor shall a juvenile be deemed a criminal by reason of such disposition.
The disposition of a case under this act shall not be admissible against the juvenile in any criminal or penal case or proceeding in any other court except for consideration in sentencing. [N.J.S.A. 2A:4-64][1]
But, relying on Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), defendant asserts that his Sixth Amendment right to confrontation is impinged if he is deprived of any information which is useful in affecting a witness' credibility.
In Davis v. Alaska the court examined the conflict between the accused's constitutionally guaranteed right "to be confronted with the witnesses against him" and the state's interest in protecting the anonymity of juvenile offenders. There the juvenile was a crucial witness in proving defendant's identification, but the trial court prevented the defense from making inquiry as to the witness' probation status under a juvenile court adjudication at the time that he originally identified defendant. The court held that in the attendant circumstances "the right of confrontation is paramount to the State's policy of protecting a juvenile offender." 415 U.S. at 319, 94 S.Ct. at 1113, 39 L.Ed.2d at 355.
*587 Davis does not hold, however, that past adjudications of delinquency are always admissible to affect a witness' credibility. Rather, the language of the court clearly distinguishes between the use of juvenile adjudications for the purpose of impeaching the general credibility of a witness and the use of that evidence in cross-examination to reveal the bias, prejudice or ulterior motive of a witness.
There is no authority in this State for permitting prior adjudications of juvenile delinquency to be used for the purpose of impeaching the general credibility of a witness. On the contrary, use of juvenile adjudications for this purpose has been prohibited  either against a defendant in a criminal case, State v. Wolak, 26 N.J. 464, 483 (1958); State v. DePaola, 5 N.J. 1, 17-18 (1950), or against a nonparty witness. State v. Laws, 50 N.J. 159, 178-179 (1967). New Jersey's policy of maintaining the confidentiality of juvenile proceedings is sustained within present constitutional limits by continuing the distinction made by the court in Davis. Accordingly, the motion for disclosure of the witness' record of juvenile adjudications is denied.
The alternative motion for disclosure of juvenile records which would reveal whether the witnesses are presently on probation or whether any juvenile complaint is now pending against them, portends a particularized attack on credibility. In this case, as in the Davis case, the juveniles are crucial prosecution witnesses. Defendant is entitled to have the jury assess their testimony carefully and diligently. Defense counsel bears the burden of exposing any bias, prejudice or ulterior motive that affects the reliability of that testimony. This endeavor is severely hampered if the accused is deprived of information which may form the basis of such an attack.
We are committed to the imperative that a trial should serve as a vehicle for the disclosure of the truth. To that end, our rules provide for broad pretrial discovery in criminal cases, and require the prosecution to reveal any relevant *588 record of prior conviction of persons who are known to have relevant evidence or information. R. 3:13-3(a). The necessity for that disclosure in advance of trial is not diminished because the State's witness is a juvenile.
The State's policy of confidentiality of juvenile records is not absolute. While procedural and social records in juvenile matters are required to be safeguarded from indiscriminate public inspection, the court is nevertheless authorized to permit specified persons or agencies to inspect juvenile records upon a showing of good cause. N.J.S.A. 2A:4-65; R. 5:10-7. The defendant's need to prepare an effective cross-examination of a juvenile prosecution witness is a valid reason to disclose otherwise confidential information. Accordingly, for the limited purpose of making a specific attack on the witness' credibility, the alternative motion is granted.
It is the sense of the statutory mandate and of the rule, however, that any disclosure of juvenile records should be strictly circumscribed so that only information required by the particular circumstances is revealed. Therefore, the court will inspect the records, if any, of the proposed juvenile witnesses, and will advise the State and defendant whether each of the juveniles is presently on probation for a juvenile offense and whether any complaints are now pending against each juvenile in the Juvenile and Domestic Relations Court of this county. See State in Interest of A.S., 130 N.J. Super. 388 (J.D.R. Ct. 1974).
NOTES
[1] The statute continues the long-standing policy that juvenile convictions may not be used to affect the credibility of a witness. See L. 1903, c. 219, as amended by L. 1908, c. 236; 2 C.S. 1910.