139 N.J. Super. 337 (1976)
353 A.2d 573
STATE OF NEW JERSEY, IN THE INTEREST OF S.F., A JUVENILE.
Superior Court of New Jersey, Juvenile and Domestic Relations Court, Middlesex County.
January 30, 1976.
*338 Mr. Ralph Mayo for S.F. (Messrs. Mayo & Shihar, attorneys).
Mr. Lee A. Trucker for Lois Gannon, executrix of the estate of Joseph Gannon (Messrs. Norris, McLaughlin, Trucker & Marcus, attorneys).
RUBIN, P.J.J.D.R.C.
This is a motion to obtain a copy of the entire transcript of a juvenile proceeding as part of the discovery of a civil action involving Lois Gannon, individually and as executrix of the estate of Joseph A. Gannon, against S.F., an infant, B.F. and J.F. The motion is resisted by counsel for defendants.
In September 1974 a fatal accident occurred on Route 18 in New Brunswick. Joseph Gannon, driver of one of the vehicles, died as a result of the accident. S.F., a juvenile, the driver of the other car in the accident, was charged with juvenile delinquency. The matter was referred to the Juvenile and Domestic Relations Court, resulting in a disposition in favor of the juvenile.
*339 Subsequently, Lois Gannon, executrix of the estate of Joseph Gannon, started suit for wrongful death against S.F. as driver of the car owned by his mother B.F.
Plaintiff Lois Gannon by motion seeks release of the entire transcript of the juvenile proceeding as a part of the discovery in the wrongful death action.
Juvenile records may be inspected pursuant to R. 5:10-7.
The Court may, in its discretion, in the best interest of a juvenile or adult or for other good cause, permit inspection of any procedural or social record. * * *
Plaintiff here contends that discovery in a civil case growing out of the same transaction under various theories is good cause, and arguments are presented to support this contention.
First, plaintiff argues that the juvenile's identity was already breached in that his name and the disposition of the juvenile's case was publicized in connection with the prior proceeding in the juvenile court. Confidentiality was undermined and is therefore no longer important.
This is clearly a fallacious argument. One cannot compare the release of a name and disposition with the release of the total transcript. Other material is contained in the transcript and should not be revealed without good reason not shown here.
Plaintiff contends that evidentiary problems inherent in wrongful death actions require special consideration  here, breach of the special juvenile confidentiality rule. In some cases this might be true where a witness available for the juvenile proceeding is not present for the later civil case. In the case before us we do not have this problem. Both defendant juvenile and his passenger are available and can be deposed and later testify.
Plaintiff also contends that there exists a right of confrontation which would be impaired without the release of the entire transcript. The right of confrontation, although *340 respected in the civil sphere, is primarily a criminal right. It is not carried to its full extent in civil proceedings.
In the cases cited by plaintiff, criminal proceedings required that juvenile confidentiality be breached. In State in the Interest of A.S., 130 N.J. Super. 338 (J. & D.R. Ct. 1974), a defendant in a municipal court proceeding, charged with assault and battery, demanded the transcript of a juvenile proceeding to effectively confront a juvenile witness in the municipal proceeding. In that case the juvenile witness gave inconsistent testimony about the same situation in the juvenile and municipal proceeding. In the case at hand, there is no allegation of such inconsistency.
In State v. Brown, 132 N.J. Super. 584 (Super. Ct. 1975), defendant demanding disclosure was being prosecuted for intent to rob while armed. Defendant demanded disclosure of the prior juvenile record of the prosecution's juvenile witness to impeach general credibility. He also demanded disclosure as to any pending charges or probationary status of the juvenile witness to show possible bias or ulterior motive. The court did not allow disclosure of the prior adjudication to impeach credibility but did allow disclosure of present status to show bias. Here, there is no allegation of actual bias or possible bias. Counsel for plaintiff clearly has the burden of showing this bias. State v. Brown, supra at 587.
In State v. Parnes, 134 N.J. Super. 61 (1975), the Appellate Division held that where trials are being held in juvenile and municipal court for the same criminal transaction, the adult defendant should be given access to the juvenile's defendant's testimony in the juvenile proceeding. In the present case there is not another criminal proceeding. The wrongful death action is a civil action. Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) can be distinguished in a similar fashion. The court specifically delineates the issue as being whether the confrontation clause requires that a defendant in a criminal case be allowed to impeach via juvenile records to show bias.
*341 The present case, then, is clearly substantively different from the above line of cases. They dealt with criminal cases; this case is civil. There is no potential loss of liberty but rather monetary damages. There is not an assertion of a present or future bias on the part of the defendant or eye witness. Bias is not alleged or proven. There is no apparent reason for a bias or possible motive for inconsistent testimony. In the juvenile trial and the civil case defendant is attempting to prove he is not responsible for the vehicular death. Since he is attempting to prove the same issue in both cases, there is no reason for divergence in testimony.
The motion is denied.