THE STATE OF OHIO, APPELLEE, *v.*
WHITE, APPELLANT.

(No. 44294—Decided June 24, 1982.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.

*Mr. Anthony A. Walsh,* for appellant.

MARKUS, J. Defendant appeals from his felonious assault conviction arguing that the trial court erroneously excluded all references to the victim's juvenile court record.[1] Finding no merit in defendant's contention, we affirm.

After the jury was impaneled and opening statements were completed, the prosecutor made the following motion before calling his first witness:

"Ms. Dennison: Thank you, your Honor. In addition we would like to make a motion in limine, your Honor. This request is based upon the fact that the victim in this case is serving time at the Ohio Youth Commission. He is a juvenile 17 years of age, and Rule 609 of the Rules of Evidence prohibits the fact that he was found guilty of a certain criminal act — offense — that that be used against him since he is a juvenile."[2]

---

[1] Defendant's sole assignment of error states:

"The trial court committed prejudicial error in granting the state's motion in limine under Rule 609 (D), Ohio Rules of Evidence, with respect to the admissibility of the juvenile record of the complaining witness."

[2] The record does not disclose the nature of the charges which resulted in the victim's adjudication. With no suggestion by defense counsel that the juvenile adjudication had any direct relationship to the issues or persons involved here, we must assume it was totally unrelated to the charges and witnesses in the present case.

1

Defense counsel opposed the motion, claiming that his cross-examination of the alleged juvenile victim should include impeachment with the victim's juvenile court record. The court ruled:

"The Court: Based upon Rule 609, I'm granting the motion."

The state's first witness was the juvenile who was the alleged victim. No reference was made to the witness' juvenile court adjudication or his current incarceration, in either the direct or cross-examination or any response by the witness. Defense counsel made no further request to ask the witness about that juvenile court record for any purpose, during the course of that testimony.

## I

The prosecutor's argument and the trial court's ruling were based principally on Evid. R. 609 (D), which limits Rule 609 authority for "Impeachment by Evidence of Conviction of Crime":

"(D) Juvenile adjudications. Evidence of juvenile adjudications is not admissible except as provided by statute enacted by the General Assembly."

The statute governing admissibility of juvenile adjudications is R.C. 2151.358 (H), which provides in pertinent part:

"The judgment rendered by the court under this chapter shall not impose any of the civil disabilities ordinarily imposed by conviction of a crime in that the child is not a criminal by reason of the adjudication, nor shall any child be charged or convicted of a crime in any court except as provided by this chapter. *The disposition of a child under the judgment rendered or any evidence given in court is not admissible as evidence against the child in any other case or proceeding in any other court,* except that the judgment rendered and the disposition of the child may be considered by any court only as to the matter of sentence or to the granting of probation. * * *" (Emphasis added.)

Evid. R. 609 (D) and R.C. 2151.358 (H) clearly exclude use of a juvenile court adjudication about a juvenile's conduct, for purposes of general impeachment of a witness' credibility. They do not necessarily limit the use of such circumstances for other valid purposes. Thus, for example, they may not prevent proof of a juvenile's adjudication or his incarceration if those facts demonstrate bias by the witness toward a party in the litigation. However, defense counsel contends that his inability to challenge the juvenile's general credibility with an unrelated juvenile court adjudication violated the defendant's constitutional right to confront and cross-examine adverse witnesses.

In *Davis* v. *Alaska* (1974), 415 U.S 308, the court reversed a trial court's judgment because defense counsel was not allowed to cross-examine the state's principal witness by showing he was on probation pursuant to a juvenile delinquency adjudication. In *Davis,* defense counsel sought to show that the witness was testifying favorably to the state because he feared having his probation revoked. The court stated at page 319:

"We do not and need not challenge the State's interest as a matter of its own policy in the administration of criminal justice to seek to preserve the anonymity of a juvenile offender. Cf. *In re Gault,* 387 U.S. 1, 25 [40 O.O.2d 378] (1967). Here, however, petitioner sought to introduce evidence of Green's probation for the purpose of suggesting that Green was biased and, therefore, that his testimony was either not to be believed in his identification of petitioner or at least very carefully considered in that light. Serious damage to the strength of the State's case would have been a real possibility had petitioner been allowed to pursue this line of inquiry. In this setting we conclude that the right of confrontation is paramount to the State's policy of protecting a juvenile offender. Whatever temporary embarrassment might result to Green or his family by disclosure of his juvenile record—if the prosecution insisted on using him to make

its case—is outweighed by petitioner's right to probe into the influence of possible bias in the testimony of a crucial identification witness."

Other courts have refused to extend the holding in *Davis* by allowing the use of a juvenile record for the purpose of impeaching the witness' general credibility. See *Corbett* v. *Bordenkircher* (C.A. 6, 1980), 615 F.2d 722; *Hampton* v. *State* (1977), 172 Ind. App. 55, 359 N.E.2d 276; *State* v. *Sampson* (Me. 1978), 387 A.2d 213; *State* v. *Russell* (Mo. 1981), 625 S.W.2d 138; *State* v. *Brown* (1975), 132 N. J. Super. 584, 334 A.2d 392; *State* v. *Burr* (1974), 18 Ore. App. 494, 525 P.2d 1067; *State* v. *Butler* (Tenn. 1981), 626 S.W.2d 6.

The Ohio Supreme Court recognized the distinction between using juvenile records for exposing a possible bias, and using them to attack the general credibility of the witness, in *State* v. *Cox* (1975), 42 Ohio St. 2d 200, at 204 [71 O.O.2d 186]:

"Although the General Assembly may enact legislation to effectuate its policy of protecting the confidentiality of juvenile records, such enactment may not impinge upon the right of a defendant in a criminal case to present all available, relevant and probative evidence which is pertinent to a specific and material aspect of his defense. The record at bar does not reflect an effort to conduct a fishing expedition into the witness' juvenile background, nor an attempt to impeach her by a general showing of prior Juvenile Court appearances as the result of misconduct."

Cf. *State* v. *Hale* (1969), 21 Ohio App. 2d 207 [50 O.O.2d 340]; see, also, *State* v. *Strmac* (March 18, 1982), Cuyahoga App. No. 43745, unreported; *State* v. *Sibits* (July 31, 1980), Cuyahoga App. No. 41469, unreported; see, generally, Annotation (1975), 63 A.L.R. 3d 1112.

When the prosecutor made the motion *in limine*, defense counsel argued that he needed to cross-examine the victim about his juvenile record in order to

establish his reputation as a bully and to impeach his truthfulness by showing prior misconduct. Neither of these reasons falls within the holding of *Davis* v. *Alaska, supra.* The latter purpose seeks to treat a juvenile adjudication as a criminal conviction, contrary to authorities already discussed. The former purpose seeks to show the violent character of the alleged victim, which could be proper if it were relevant. Evid. R. 404 (A)(2). However, it was not relevant here because there was no showing that defendant acted in self-defense or under extreme emotional distress from reasonable provocation. Further, that character trait would be provable only by reputation or opinion testimony, and not by specific instances of conduct. Evid. R. 405 (A).

Moreover, defendant was able to introduce ample testimony that the victim bullied defendant's children and was involved in several altercations with defendant's teenaged son. Witnesses for the defense testified that on the night of the alleged crime, the victim had twice turned off the electricity in defendant's apartment, thrown a brick through defendant's bedroom window, and argued with defendant's son. Defendant's inability to show the alleged victim's subsequent unrelated juvenile adjudication could not be prejudicial, if that evidence sought to show the victim's violent character.

## II

From a procedural viewpoint, the defense has not preserved any supposed error on this subject, for the purpose of this appeal. Evid. R. 103 provides in part:

"(A) Effect of erroneous ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

"* * *

"(2) Offer of proof. In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was ap-

parent from the context within which questions were asked. Offer of proof is not necessary if evidence is excluded during cross-examination.

"* * *

"(C) Hearing of jury. In jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury."

The order on which this appeal is premised granted a motion *in limine* before any witness testified. In effect, that order directed that no reference to the described subject should be made in the jury's hearing unless and until the proponent of that evidence first satisfied the court of its propriety in the context of this case. An order *in limine* is a tentative or presumptive evidence ruling which states the court's *anticipated* treatment of an evidentiary issue if special circumstances do not cause a different treatment when the issue actually arises. *State v. Spahr* (1976), 47 Ohio App. 2d 221 [1 O.O.3d 289]; *Zilch* v. *Sadowski & Shawke* (1931), 10 Ohio Law Abs. 423. It cannot be a definitive ruling on an evidence issue until the full context and foundation for the issue has been developed. See Davis, Motions in Limine (1966), 15 Cleve.-Mar.L.Rev. 255.

As the earlier discussion noted, there are some circumstances in which a juvenile adjudication could be a proper subject for evidence. When the order *in limine* was granted, the trial court relied on representations of counsel about the circumstances in which such evidence might later be presented. If the circumstances developed differently, the trial court would certainly be obliged to consider the admissibility of the disputed evidence in its actual context.

Therefore, in order to preserve supposed error from an anticipatory order *in limine,* the complaining party must raise the evidentiary issue on the record at the place in the trial that the foundation and context has actually been developed. Such an anticipatory order is a salutary procedure, because it guides counsel's expectancies in potentially complicated areas and it prevents the controversy from reaching the jurors. Thus, any proffer of the presumptively proscribed evidence must be done outside the jury's hearing, unless and until the trial court concludes that the evidence is now properly admissible.

If counsel seeks to develop the proscribed material during direct examination or through an exhibit, that counsel must make an "offer of proof" outside the jury's hearing, when the evidence issue is actually ripe for dispositive action, or he may well have waived his objection to the order *in limine.* Evid. R. 103 (A)(2). If counsel opposes the reception of an adverse party's evidence, he must object when the evidence is actually presented, or he may well have waived any objection to the denial of his earlier motion *in limine.* Cf. *Fetzek* v. *Lafon* (Dec. 13, 1979), Franklin App. No. 79AP-419, unreported.

When counsel seeks to cross-examine about the proscribed subject, he need not proffer expected answers from the witness over whom he presumably lacks control. Evid. R. 103 (A)(2). However, to preserve any claimed error for preventing that supposedly proper cross-examination, counsel must advise the court on the record when he would actually undertake that examination, so that the court is caused to make a ruling on the record disallowing that examination in the actual circumstances then present. These activities will necessarily occur outside the jury's hearing, but their absence from the record may well constitute a waiver of the issue for later review.

Appellate review of evidentiary rulings is ordinarily limited to specific trial court action in the circumstances when that action was taken. Since an order *in limine* is a tentative or preliminary state-

ment about a presumptive expectation, its only effect is to prevent counsel from bringing a matter to the jury's attention before the trial judge has been satisfied about its propriety. A later ruling during the trial which conforms or conflicts with the tentative order *in limine* may be challenged on appeal, but the grant or denial of the original tentative order without such a later ruling is generally not reviewable by an appellate court.

The trial court's order *in limine* was proper, and any challenge to that order was not properly preserved for appellate review. Accordingly, the judgment is affirmed.

*Judgment affirmed.*

PRYATEL, C.J., and CELEBREZZE, J., concur.