This appeal arises from a judgment of the Court of Common Pleas of Defiance County, entered pursuant to a jury verdict of guilty on five counts of rape, five counts of sexual battery and one count of pandering obscenity involving a minor, violations of R.C. 2907.02(A), R.C. 2907.03(A) and R.C.2907.321(A)(5), respectively. The charges stemmed from a twenty-one count indictment which alleged in the first twenty counts that Appellant, Warren Dale Barnett, performed various sexual acts with his thirteen-year-old step-daughter, Lisa Van Horn, from June 1, 1997 to January 16, 1998. In the twenty-first count, it was alleged that the Appellant knowingly bought, procured, possessed or controlled obscene material that included a minor as one of its participants. After the verdicts were returned on May 20, 1998, the court found the sexual battery charges were allied offenses of the rape charges and merged them accordingly. Defendant was subsequently sentenced to consecutive prison terms of ten years on each of the five rape charges and one year on the pandering charge for a total of fifty-one years.
Appellant then filed the instant appeal wherein he asserts several assignments of error for our review.
Assignment of Error I
 The provisions of O.R.C. 2907.321(A)(5) are unconstitutional as applied to the Defendant, as they infringe on his First Amendment right to privacy of thought and expression. An adult cannot be prosecuted for the possession of obscene or pornographic material unless a minor is a participant. The provisions of (B)(2) and (B)(3) which excuse the State from proving that the Defendant had knowledge that the material contained obscene representations of minors unconstitutionally shifts the burden of proving the scienter requirement under the statute to the Defendant.
Although Appellant argues to this court that R.C.2907.321(A)(5), the statute that defines the crime of pandering obscenity involving a minor, is unconstitutional as applied in this case, the record clearly indicates that this issue was not raised in the trial court.
Without considering this issue on its merits, we find that it is not reviewable on this appeal. In State v. Awan (1986),22 Ohio St.3d 120, syllabus, the Supreme Court of Ohio addressed the issue of whether a constitutional claim could be waived for the purpose of appeal:
 Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal.
Thereafter, in In re: M. D. (1988), 38 Ohio St.3d 149, the Supreme Court held:
 The waiver doctrine in State v. Awan (1986), 22 Ohio St.3d 120, is discretionary. Even when waiver is clear, this court reserves the right to consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests may warrant it."
In our opinion, this case is not included within the term "specific cases of plain error or where the rights and interests involved may warrant it," and, exercising our declared discretion, we decline to hear the constitutional issue not raised in the trial court.
Nevertheless, the issue of statutory non-binding inferences, which the finder-of-fact is permitted to make, is nothing more than the proof of facts by circumstantial evidence. This issue has been visited in other similar contexts many times before. See Sandstrom v. Montana (1979), 442 U.S. 510, 517; State v.Montgomery (1991), 61 Ohio St.3d 410, 415.
Appellant's first assignment of error is overruled.
In his second assignment of error, Appellant claims that the trial court committed prejudicial error in two respects. Appellant's first claim is stated as follows:
 The court committed prejudicial error in refusing to grant the defense a reasonable continuance to prepare to rebut the inference of minority by securing competent evidence of the actors [sic] ages.
As part of its case in chief, the State was prepared to show the jury a copy of a pornographic videotape entitled "Cherry Poppers 3". The tape depicts a female actress dressed to look like a young girl, who engages in sexual conduct with an older man while she is skipping through a schoolyard. The record discloses that on the morning of trial, a discussion was held in chambers wherein counsel for Appellant requested the court to sever the pandering charge, order a continuance and proceed to trial at a later date. Counsel argued that since the age of the actress was an essential element of pandering that could be inferred by the jury, the defense should be granted additional time to obtain evidence that would establish that the actress was over the age of majority. The court denied the request due to the timing of the motion. Although Appellant assigns error to the court's decision, we are not persuaded.
The decision to grant or deny a motion for continuance rests within the broad discretion of the trial court and it will not be reversed absent an abuse of discretion. State v. Dunn (June 28, 1996), Allen App. No. 1-95-74, unreported. An abuse of discretion is a decision that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
The Supreme Court of Ohio has addressed the factors that a court should consider in deciding a request for a continuance:
 In evaluating a motion for a continuance, a court should note, inter alia: the length of the delay requested; whether other continuances have been requested and received; the inconvenience to the litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.
State v. Unger (1981), 67 Ohio St.2d 65, 67-68.
In this case, counsel for the defense requested a continuance on the pandering charge on the morning that the jury trial was scheduled to begin. Although the requested delay was for the purpose of attempting to obtain potentially crucial evidence regarding the videotape, we find, as did the trial court, that the defense was completely responsible for the circumstances which gave rise to this last-minute motion.
It is clear from the indictment that Appellant was being charged with knowingly buying, procuring, possessing or controlling obscene material involving a minor. The State responded to Appellant's discovery request on April 17, 1998, approximately one month before trial, wherein the defense was given the authority to inspect and/or copy all tangible evidence. Furthermore, on May 12, 1998, the State provided the defense with a bill of particulars in which the videotape was referenced. Thus, it was obvious throughout these proceedings that the State intended to present this tape as evidence. However, despite all of this, the discussion held in chambers reveals that Appellant's attorney did not watch the tape in its entirety until the night before trial, and it was not until that point that he discovered some information that may have led to the identity of the actress. Based upon these facts, we cannot conclude that the denial of the motion for continuance was an unreasonable, arbitrary or unconscionable decision.
Appellant's next claim of error, is stated as follows:
 The court committed prejudicial error in allowing the jury to consider the videotape Cherry Poppers 3 in connection with the rape and sexual battery prosecution. It is irrelevant to those charges, or in the alternative, if deemed relevant, it's [sic] relevance is outweighed in this context by its prejudicial effect. It is an attempt to prove Defendant's character has predisposition toward the commission of pedophilic acts.
The record reveals that prior to trial, counsel for the defense made an oral motion in limine to exclude the pornographic videotape from the proceedings due to its prejudicial nature. The court denied the motion. Thereafter, as part of its case in chief, the State introduced the tape, showed a small portion to the jury and moved for admission of the evidence. Counsel for the defense did not object to the introduction or the admission of the tape.
A ruling on a motion in limine is purely preliminary in nature, and its purpose is to alert the parties of an anticipated ruling on an evidentiary issue. State v. Gonzalez
(July 11, 1997), Huron App. H-96-61, unreported, citing Statev. White (1982), 6 Ohio App.3d 1, 4. Because the ruling on a motion in limine is not final, "a proper objection must be raised at trial to preserve error." State v. Brown (1988),38 Ohio St.3d 305, paragraph three of the syllabus. Since counsel for Appellant failed to enter an objection to the videotape during the jury trial, we find that the issue has been waived.
Accordingly, a discretionary review of this alleged error must proceed under the plain error analysis of Crim.R. 52(B). "Notice of plain error * * * is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91,97. "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." State v. Biros (1997), 78 Ohio St.3d 426,431.
A thorough review of the transcript does not convince us that, but for the viewing of pornographic videotape, the verdicts on the rape and sexual battery charges would clearly have been different. Thus, Appellant's assertion does not rise to the level of plain error.
Appellant's second assignment of error is overruled.
In his third assignment of error, Appellant asserts that his trial counsel was ineffective for two distinct reasons. Appellant's first assertion of ineffective assistance of counsel is stated as follows:
 The Defendant was denied a fair trial by the ineffective assistance of counsel in failing to raise a timely objection to the prosecutions [sic] use of State Exhibit #2 (videotape) until the morning of trial.
The appropriate test to determine whether a defendant has been denied effective assistance of counsel is as follows:
 When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness.
 State v. Lytle (1976), 48 Ohio St.2d 391, 396-397, vacated in part on other grounds (1978), 438 U.S. 910. See, also, State v.Bradley (1989), 42 Ohio St.3d 136, 141-142; Strickland v.Washington0 (1984), 466 U.S. 668, 687. In this case, Appellant argues, without citing to any supporting authority, that the failure to raise an objection to the videotape until the day of trial constitutes ineffective assistance of counsel. This argument is not well taken.
Prior to trial, defense counsel made an oral motion in limine
on the record in an attempt to exclude the tape from the proceedings. We fail to see how this could constitute a substantial violation of an attorney's duty to his client, especially when it is apparent from the pre-trial discussions that any preliminary objection to the videotape was going to be overruled:
 The Court: I understand the Defense intent here is to try to prevent that [the videotape] from being shown to the jury in connection with this, with these other counts. But I, if it was part and parcel of the whole relationship between the alleged victim and the Defendant, then it would come in anyway * * * the Court is not going to exclude it, on a ruling in limine * * *.
Due to our conclusion that counsel for Appellant did not substantially violate the duties owed to his client by failing to object to the tape before the morning of trial, we do not need to reach the issue of whether Appellant was prejudiced by such action. See State v. Bradley (1989), 42 Ohio St.3d 136,143.
Appellant's second assertion of ineffective assistance of counsel is stated as follows:
 The Defendant was denied a fair trial by the ineffective assistance of counsel in failing to object to the competency of the witness, Lisa Van Horn, to testify.
Evid.R. 601 provides that every person is competent to testify except:
 (A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.
The victim in this case, Lisa Van Horn, was fourteen years old at the time of trial. According to Evid.R. 601(A), her age did not present an issue of competency. However, Appellant argues that Lisa's mental disabilities were so apparent that defense counsel was ineffective for failing to object to her testimony or request the court to make an inquiry as to the child's competency. We are not persuaded. Even if we were to assume that it was a substantial violation of defense counsel's duties to fail to object or ask for an inquiry into Lisa's competency, we are not convinced that such a mistake meets the prejudice prong of the test for ineffective assistance of counsel.
Appellant cites State v. Kinney (1987), 35 Ohio App.3d 84, to support his argument. In that case, it was held that the trial court erred in not conducting an inquiry into the competency of a ten-year-old rape victim. Prior to the victim taking the witness stand, the child's mother testified that her daughter was mentally retarded and that her I.Q. was lower than fifty-eight. The mother also stated that her daughter had a tendency to make up stories as a way of reaching out for help. Moreover, a police officer also testified that during his interview with the victim, she confused the rape with a separate incident. Based upon that testimony, the court ruled that since the child's competency was clearly called into question, the failure to conduct a voir dire on the issue constituted prejudicial error.
We find this case to be distinguishable from Kinney and consistent with the reasoning expressed in State v. Miller
(1988), 44 Ohio App.3d 42. In Miller, the court held that it was not prejudicial error for counsel to fail to object to a twelve-year-old rape victim's testimony or request a voir dire on competency because the only indication of the child's mental incapacity was her mother's testimony that she was "mildly retarded." In addition, that court found it significant that the child answered in the affirmative when the court asked her if she was going to tell the truth and that from the record, she appeared able to recount the incident rather well.
Similarly, in the instant case, the only indications that Lisa Van Horn could be of unsound mind came from Kelly Moser, an employee of Defiance County Children's Services, who testified that the child has "some delays" and has a difficult time communicating. Dr. Sheree Clark Lovell, a family physician who examined Lisa several days after the last incident of rape, also stated that Lisa is "learning disabled" and "mentally handicapped." The women stated that Lisa was functioning from a seven to ten-year-old level. While we acknowledge that R.C.1.02(C) states that the term "unsound mind" includes all forms of mental retardation, we cannot find that this testimony, without more, indicates that Lisa's competency was clearly called into question.
Furthermore, unlike the situation in Kinney, there was no indication that Lisa could not appreciate the necessity to provide a true account of the sexual abuse. On two separate occasions, the prosecutor asked Lisa whether she was telling the truth or making up lies. Both times Lisa stated that she was telling the truth. This type of inquiry is generally included in a voir dire to determine competency.
We also find that Lisa's answers were adequately responsive and she did not appear to be overtly confused or illogical. Although Appellant argues that Lisa responded to leading questions from the prosecutor, it is within the discretion of the trial court to permit leading questions on direct examination. Miller, 44 Ohio App.3d 42, at paragraph three of the syllabus. Based upon the foregoing, we cannot find that Appellant was prejudiced by defense counsel's failure to object to the testimony or request an inquiry into Lisa Van Horn's competency.
Appellant's third assignment of error is overruled.
Having found no error prejudicial to the Appellant, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT, P.J., and HADLEY, J., concur.