OPINION
{¶ 1} Defendant, Charles W. Gregg, appeals from a judgment in favor of Plaintiffs in the amount of $16,067.15, rendered on plaintiffs' claims for personal injury arising out of an automobile accident.
 {¶ 2} On January 21, 2000, Defendant's vehicle collided with Plaintiffs' vehicle at the intersection of Mall Woods Drive and S.R. 741 in Miamisburg. Subsequently, Plaintiffs commenced an action for personal injuries alleging that Plaintiff Charles Dixon suffered injuries as a result of Defendant's negligence. Plaintiff Julia Dixon asserted a loss of consortium claim. Defendant filed an answer admitting his negligence in causing the accident, but disputing the nature and extent of the Plaintiff's claimed injuries and losses.
 {¶ 3} The trial court referred the case to arbitration. The arbitration panel awarded Plaintiffs $13,500 in damages. Defendant timely appealed the arbitration award to the common pleas court.
 {¶ 4} Following a jury trial, the jury returned a verdict in favor of Plaintiffs for $16,067.15. The trial court entered its judgment entry in favor of Plaintiffs for that amount on April 9, 2002.
 {¶ 5} Defendant has now timely appealed to this court.
 FIRST ASSIGNMENT OF ERROR {¶ 6} "The Trial Court Committed Error, To The Prejudice Of Appellant, In Failing To Grant Appellant's Motion For Directed Verdict At The Close Of Plaintiff's Case When Plaintiff Failed To Introduce Into Evidence Any Medical Bills Or Records."
 {¶ 7} Defendant argues that the trial court erred when it denied Defendant's motion for a directed verdict made at the close of Plaintiffs' case, because Plaintiff failed to introduce any medical bills or records into evidence. Therefore, Plaintiff failed to prove that his medical care was reasonably necessary and that Defendant's negligence proximately caused the claimed injuries and losses that Plaintiff claimed.
 {¶ 8} Plaintiff argues that Defendant waived the error assigned because Defendant failed to renew that motion at the close of all the evidence. A motion for a directed verdict made at the close of Plaintiffs' case, which is denied by the trial court, must be renewed at the close of all of the evidence in order to preserve the issue for appellate review. Chemical Bank of New York v. Neman (1990),52 Ohio St.3d 204. Defendant's failure to renew the motion constitutes a waiver of any error. Id.
 {¶ 9} Defendant claims that his motion for a directed verdict was made at the end of all of the testimony and evidence, and that the only thing that occurred thereafter was the marking of his exhibit.
 {¶ 10} At the close of Plaintiffs' case, after Plaintiff had rested, Defendant moved for a directed verdict. The trial court overruled that motion. Defendant then indicated that he also would rest because he had no testimony to present. Defendant then offered into evidence Defendant's Exhibit A, a letter from Plaintiff's treating physician. Plaintiff objected, and after considerable discussion the trial court admitted that evidence over Plaintiff's objection. Defendant then stated: "with that, your Honor, we would rest our case at this point." Defendant did not renew his motion for a directed verdict.
 {¶ 11} This record clearly demonstrates that after the trial court overruled his motion for a directed verdict, Defendant proceeded to introduce evidence in his own case in the form of an exhibit. After the trial court admitted that evidence, Defendant rested his case. At that point Defendant had a duty to renew his motion for a directed verdict in order to preserve any error in the trial court's denial of his original motion. Helmick v. Republic-Franklin Ins. Co. (1988), 39 Ohio St.3d 71. Having failed to do that, Defendant waived any error in the trial court's ruling. Id. Plaintiff's damage claim, and the jury's verdict, was supported by Plaintiff's own testimony concerning his medical treatment and the amount of his medical bills.
 {¶ 12} The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR {¶ 13} "The Trial Court Committed Error In Allowing Plaintiff To Utilize Written Notes When Testifying As To How The Motor Vehicle Accident At Issue Affected His Day To Day Activities Because Plaintiff Failed To Establish The Proper Evidentiary Foundation Necessary To Permit Him To Testify Utilizing The Written Materials."
 {¶ 14} Shortly before trial began, and at his counsel's suggestion, Plaintiff prepared notes concerning how his injuries had affected his day-to-day activities. Defendant argues that the trial court erred in allowing Plaintiff, over objection, to utilize those notes while testifying at trial, because Plaintiff failed to establish the necessary foundation relating to "present recollection refreshed."
 {¶ 15} Plaintiff claims that while he had the notes in his possession, he did not actually use or refer to them while testifying at trial. Defendant responds by claiming that a review of the videotape of this trial demonstrates that Plaintiff relied upon and read from the notes while testifying.
 {¶ 16} We have reviewed the videotape and agree that it portrays Plaintiff referring to his notes during his testimony. However, the question presented is whether, in permitting Plaintiff to refresh his recollection from his own written notes, which are not in evidence, the trial court abused its discretion in a way that prejudiced Defendant.
 {¶ 17} A witness' use of materials to refresh his recollection while testifying is governed by Evid.R. 612, which provides, in pertinent part:
 {¶ 18} "Except as otherwise provided in criminal proceedings by Rules 16(B)(1)(g) and 16(C)(1)(d) of Ohio Rules of Criminal Procedure, if a witness uses a writing to refresh his memory for the purpose of testifying, either: (1) while testifying; or (2) before testifying, if the court in its discretion determines it is necessary in the interests of justice, an adverse party is entitled to have the writing produced at the hearing. He is also entitled to inspect it, to cross-examine
 {¶ 19} the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness."
 {¶ 20} Evid.R. 612 doesn't prohibit testimony from notes when a witness' recollection is refreshed. It simply confers certain rights on the adverse party when the court permits such testimony.
 {¶ 21} During Plaintiff's testimony his counsel told the trial court that at his suggestion Plaintiff had prepared a list of things that he couldn't do as a result of his injuries in order to remember them so that counsel would not have to "lead Plaintiff to death." Plaintiff produced the notes and the trial court inspected those notes before ruling that Plaintiff could use them. At no time did Defendant ask to inspect the notes, use them during cross-examination of Plaintiff, or have the portions relating to Plaintiff's testimony introduced into evidence. Defendant therefore waived any prejudice he may have suffered from Plaintiff's reliance on his notes. We see no abuse of discretion on the part of the trial court.
 {¶ 22} The second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR {¶ 23} "The Trial Court Abused Its Discretion And Committed Error In Failing To Grant Defendant's Motion In Limine Concerning Julia Dixon's Loss Of Consortium Claim Inasmuch As The Trial Court Permitted Julia Dixon In The Context Of Her Loss Of Consortium Claim, To Testify As To Wages She Lost While Caring For Her Injured Husband."
 {¶ 24} Defendant made an oral motion in limine just prior to the commencement of trial to prohibit Plaintiffs from introducing any evidence about lost wages incurred by Mrs. Dixon as a result of missing work to care for her injured husband. Defendant argued that lost wages was not a proper part of Mrs. Dixon's loss of consortium claim. The trial court overruled Defendant's motion in limine. Subsequently, during the trial, Mrs. Dixon testified regarding her lost wages without any objection from Defendant.
 {¶ 25} Defendant argues that the trial court erred in overruling his motion in limine. Defendant has failed, however, to preserve for appellate review his objection to the trial court's liminal ruling.
 {¶ 26} A ruling on a motion in limine is a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of an evidentiary issue. State v. Grubb (1986),28 Ohio St.3d 199, 201-202. Finality does not attach to the court's liminal ruling, but rather attaches only after the issue becomes ripe for determination during the trial and the trial court makes its final determination as to the admissibility of the evidence. Id.
 {¶ 27} A ruling on a motion in limine does not preserve the record for appeal. An appellate court need not review the propriety of such an order unless the claimed error is preserved by objection, proffer, or ruling on the record when the issue is actually reached during the trial. Grubb, supra; State v. White (1982), 6 Ohio App.3d 1; Evid.R. 103.
 {¶ 28} After his motion in limine was denied by the trial court, it was incumbent upon Defendant to object during the trial to Mrs. Dixon's testimony regarding the lost wages she incurred in order to enable the trial court to make a final determination as to the admissibility of that evidence, and to preserve Defendant's objection for appellate review. Having failed to object to that evidence at trial, Defendant waived any error in its admission, regardless of the disposition made by the court on the motion in limine. Grubb, supra;White, supra; State v. Wilson (1982), 8 Ohio App.3d 216.
 {¶ 29} The third assignment of error is overruled. The judgment of the trial court will be affirmed.
FAIN, P.J. and YOUNG, J., concur.