OPINION.
{¶ 1} Defendant-Appellant, Arnold Lawhun, appeals a Van Wert County Common Pleas Court decision finding him guilty of attempted unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A)(3) and 2923.02(A), a fourth degree felony. On appeal, Lawhun claims that the trial court erred in overruling his motion in limine to exclude certain evidence as irrelevant and that his conviction was both not supported by sufficient evidence and was against the manifest weight of the evidence. Because Lawhun failed to properly preserve his objection to the admission of the contested evidence, he waived all but plain error, which was not established herein. Further, after thorough review of the record, the evidence sufficiently supported his conviction and such conviction was not against the manifest weight of the evidence.
 {¶ 2} In May 2002, Van Wert, Ohio Detectives began conducting an on-going investigation into crimes against children via the internet. In doing so, Detective Paul Swander posed as a fourteen-year-old girl from Van Wert, Ohio, by creating an on-line persona with a screen name of "OhioKid14", and entered internet chat rooms. On May 31, 2002, Lawhun, using the screen name "WhipInHand", contacted "OhioKid14" in a chat room entitled "I Love Older Men."
 {¶ 3} Lawhun and "OhioKid14" communicated on a regular basis through July 19, 2002, with most of the correspondences relating to Lawhun's highly explicit sexual desires with respect to "OhioKid14." Additionally, throughout their correspondence, Lawhun suggested that the two meet and described what he would like to do with "OhioKid14" sexually when he traveled from his home in Cleveland to Van Wert for a visit. On July 19, 2002, Lawhun stated that he would travel to Van Wert for a visit as long as "OhioKid14" called him on the telephone to verify that she was real. Posing as a fourteen year-old girl, Van Wert County Sheriff's Deputy Bobbi Garcia obliged Lawhun's request and plans for his visit were finalized.
 {¶ 4} Upon arriving at a mutually decided location, the Van Wert Days Inn, Lawhun was arrested and charged with attempted unlawful sexual conduct with a minor and importuning; however, the State subsequently withdrew the importuning charge. Following trial, the jury returned a guilty verdict, and Lawhun was convicted. From the judgment of conviction, Lawhun appeals, asserting three assignments of error for our review. For purposes of brevity and clarity, we have consolidated our review of the second and third assignments.
 Assignment of Error I The trial court erred in overruling Defendant/Appellant's oral motionin limine.
 {¶ 5} Lawhun contends in his first assignment of error that the trial court erred in overruling his motion in limine to exclude evidence relating to the internet correspondence prior to July 19, 2002, as being irrelevant.
 {¶ 6} Although a motion in limine is a useful technique for raising issues of evidentiary admissibility prior to trial, a ruling thereon is merely tentative, and the denial of a motion in limine does not preserve error for purposes of appeal, absent a proper objection at trial.[1] Therefore,
in order to preserve supposed error from an anticipatory order inlimine, the complaining party must raise the evidentiary issue on therecord at the place in the trial that the foundation and context haveactually been developed. * * * If counsel opposes the reception of anadverse party's evidence, he must object when the evidence is actuallypresented, or he may well have waived any objection to the denial of hisearlier motion in limine.[2]
 {¶ 7} While a subsequent ruling contemporaneous to the submission of the evidence at trial may be sufficient to preserve an alleged error for review on appeal, the renewal must come before or at the time the evidence is presented.[3]
 {¶ 8} In this case, prior to trial, Lawhun orally moved in limine to exclude evidence of the internet correspondence between Lawhun and "Ohiokid14" from May 31, 2002 through July 16, 2002, which was denied by the trial court. During the State's case-in-chief, the internet communication from May 31, 2002 through July 19, 2002, was read into the record by Detective Swander without objection. Thereafter, Detective Swander was cross-examined by the defense, followed by an admission of State's exhibits one through eight, which included the printed copies of the internet communications. Thereafter, the court went into recess. Not until after recess did Lawhun attempt to renew the prior motion in limine. Because the objection was not raised prior to or contemporaneously with the admission of the evidence, Lawhun has waived all but plain error concerning the admissibility of the contested correspondence.
 {¶ 9} The Ohio Supreme Court has set forth a tripartite test to determine whether plain error is present: 1) there must be an error; 2) the error must be plain, i.e., the error must be an obvious defect; and 3) the error must have infringed upon substantial rights by affecting the outcome of the trial.[4] While Lawhun avers that the evidence relating to the internet communication should have been excluded as irrelevant, such evidence was relevant to form the background of the crime charged and, hence, was "inextricably related" to the act alleged in the indictment.[5] Therefore, "where the challenged evidence plays an integral role in explaining the sequence of events and is necessary to give a complete picture of the alleged crime, the jury is entitled to know the `setting' of a case."[6] The internet correspondence herein provided the jury with the background of how the correspondence began and how often it occurred, the ages of Lawhun and "OhioKid14", and Lawhun's explicit sexual desires concerning "OhioKid14", culminating in his plan and attempt to meet her. Accordingly, without such background, the jury would be left with an incomplete picture of the events leading to the crime charged. Consequently, we find no error in the court's decision to admit the evidence, which obviates the need to consider the remaining factors of the plain error analysis.
 {¶ 10} For these reasons, Lawhun's first assignment of error is overruled.
 Assignment of Error II Defendant/Appellant's conviction is not supported by sufficientevidence.
 Assignment of Error III Defendant/Appellant's conviction is against the manifest weight of theevidence.
 {¶ 11} In his second assignment of error, Lawhun argues that his conviction for attempted sexual conduct with a minor was not supported by sufficient evidence. He claims that at the time he drove to meet "OhioKid14" in Van Wert, he thought that she was an older woman based on his phone conversation with Deputy Garcia prior to departing Cleveland.
 {¶ 12} To reverse a conviction for insufficient evidence, we must be persuaded, after viewing all of the evidence in a light most favorable to the prosecution, that no rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.[7]
R.C. 2907.04(A), unlawful sexual conduct with a minor, provides:
No person who is eighteen years of age or older shall engage in sexualconduct with another, who is not the spouse of the offender, when theoffender knows the other person is thirteen years of age or older butless than sixteen years of age, or the offender is reckless in thatregard.
 {¶ 13} The attempt statute states that "[n]o person, purposefully or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense."[8] The Ohio Supreme Court has noted that criminal attempt occurs when
one purposely does or omits to do anything which is an act or omissionconstituting a substantial step in a course of conduct planned toculminate in his commission of the crime. To constitute a substantialstep, the conduct must be strongly corroborative of the actor's criminalpurpose.[9]
 {¶ 14} Additionally, the revised code also provides that it is no defense to a charge under R.C. 2923.02(A) that, "in retrospect, commission of the offense that was the object of the attempt was either factually or legally impossible under the attendant circumstances, if that offense could have been committed had the attendant circumstances been as the actor believed them to be."[10]
 {¶ 15} The evidence admitted at trial indicates that on May 31, 2002, Lawhun, under the screen name "WhipInHand", initiated contact with someone using a screen name of "OhioKid14" via an internet "chat room" entitled "I Love Older Men." "OhioKid14's" on-line profile noted that she was fourteen years old and still in school. During their first correspondence, Lawhun stated that he was forty-four years old, and, during the subsequent communication, "OhioKid14" inquired of Lawhun: "me being only 14 years old is still cool with [you] right[?]" At the time of the initial conversations, Lawhun and "OhioKid14" exchanged photos. The photo of "OhioKid14" was a picture of Deputy Garcia when she was fourteen years old. From May 31, 2002 through July 19, 2002, twenty-one instant message communication sessions were had between Lawhun and "OhioKid14", all of which were initiated by Lawhun.
 {¶ 16} The correspondence between Lawhun and "OhioKid14" became sexually charged during the fourth instant message session, wherein Lawhun described having sex with a seventeen-year-old in North Carolina after corresponding with her on the internet. During the same communication, Lawhun asked whether "OhioKid14" masturbated and whether she has "toys or * * * use[d] fingers." And, Lawhun stated that he would buy her a toy when he came to visit. He also inquired as to whether she was "into anything kinky" like "golden showers [and] restraints." When Lawhun's vehicle was searched after his arrest, the police found a pair of fur-lined handcuffs in his truck. Lawhun continued to question "OhioKid14" about her sexual preferences such as "what is [her] favorite position" and whether she "swallow[ed]". He also often referred to her as "lil lady."
 {¶ 17} As time went by, the sexual content became much more explicit. He mentioned that he "need[s] a hot tight pussy", that he wanted to "fill [her] hot little twat with * * * cum", and that he liked "a hot lil slut with cum running down her thighs." Subsequent communication further expounded upon Lawhun's sexual desires with respect to "OhioKid14", including his pleasure that she was a virgin and explicit references to oral and anal sex and masturbation.
 {¶ 18} Throughout the internet correspondence, Lawhun mentioned traveling to Van Wert to meet "OhioKid14." During their second correspondence, Lawhun inquired as to whether there were "any * * * places around you to meet since I know you can't drive", to which "OhioKid14" responded, "the parking lot of the Days Inn not far from my house." Subsequently, Lawhun stated that if "things work, how would you like me to come down there `bout once a week so you can get some cock?" During another communication, Lawhun mentions that he's "still looking for a young lover" and "would like to make ["OhioKid14"] that young lover." In early July, Lawhun tells "OhioKid14" that he can travel to Van Wert to see her on July 19, 2002, at the Days Inn.
 {¶ 19} Prior to departing Cleveland, he wanted "OhioKid14" to call him on the telephone to "prove" she was real. Thereafter, Deputy Garcia called Lawhun posing as the fourteen-year-old girl, and Lawhun mentioned that she sounded older than fourteen. Garcia replied that she "gets that all the time." Lawhun then arranged for them to meet in the parking lot of the Days Inn, in Van Wert that afternoon. Upon arrival, Lawhun was arrested.
 {¶ 20} Lawhun claims that he did not believe that "OhioKid14" was fourteen-years-old and that his need to speak with "OhioKid14" prior to their meeting and his mention that she sounded older than fourteen raises an inference that he did so to make sure she was not a young girl, thus supporting his innocence to the charge of attempted unlawful sexual conduct with a minor. Notably, Lawhun does not contest on appeal that his intent in traveling to Van Wert was to engage in sexual conduct. We find that the correspondence between Lawhun and "OhioKid14", when taken in a light most favorable to the prosecution, is sufficient to support that he believed "OhioKid14" to be a fourteen-year-old girl. Thus, we find that a rational trier of fact could have concluded that Appellant committed the crime for which he was convicted beyond a reasonable doubt. Accordingly, we overrule Lawhun's second assignment of error.
 {¶ 21} We now turn to discuss Lawhun's contention that the jury verdict was against the manifest weight of the evidence. The standard to apply when reviewing such a claim has been set forth as follows:
The court, reviewing the entire record, weighs the evidence and allreasonable inferences, considers the credibility of witnesses anddetermines whether in resolving conflicts in the evidence, the juryclearly lost its way and created such a manifest miscarriage of justicethat the conviction must be reversed and a new trial ordered.[11]
 {¶ 22} Furthermore, an appellate court should grant a new trial only in an exceptional case "where the evidence weighs heavily against the conviction."[12] This is not such a case. A complete review of the record herein does not lead this court to conclude that the jury clearly lost its way in rendering a guilty verdict. Consequently, Lawhun's third assignment of error is not well taken and is overruled.
 {¶ 23} Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
BRYANT, P.J. and CUPP, J., concur.
[1] State v. Grubb (1986), 28 Ohio St.3d 199, 201.
[2] State v. White (1982), 6 Ohio App.3d 1, 4 (citation omitted).
[3] State v. Maurer (1984), 15 Ohio St.3d 239, 259, fn. 14, citing Palmer, Ohio Rules of Evidence, Rules Manual (1984) at 446; Schurr v.Davies (May 15, 1986), Van Wert App. No. 15-84-23, quoting White,6 Ohio App.3d at 5. See, also, Thomas v. Tuway Am. Group (Jan. 25, 2000), Mercer App. No. 10-99-17; State v. Boyd (Jan. 12, 1995), Cuyahoga App. No. 65883.
[4] State v. Barnes, 94 Ohio St.3d 21, 27, 2002-Ohio-68. See, also,State v. Williams, Allen App. No. 1-01-63, 2002-Ohio-3623, ¶ 41.
[5] State v. Small (May 1, 2001), Franklin App. No. 00AP-1149, quotingState v. Curry (1975), 43 Ohio St.2d 66, 73. See, also, State v. Walker, Cuyahoga App. No. 79767, 2002-Ohio-1653.
[6] Small, supra, citing State v. Thompson (1981), 66 Ohio St.2d 496,498.
[7] State v. Thompkins (1997), 78 Ohio St.3d 380, 386; State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus, superseded by state constitutional amendment on other grounds in State v. Smith
(1997), 80 Ohio St.3d 89.
[8] R.C. 2923.02.
[9] State v. Woods (1976), 48 Ohio St.2d 127, paragraph one of the syllabus, overruled in part on other grounds in State v. Downs (1977),51 Ohio St.2d 47, 52.
[10] R.C. 2923.02(B). See, also, State v. Priest, Greene App. No. 2001 CA 108, 2002-Ohio-1892.
[11] State v. Martin (1983), 20 Ohio App.3d 172, 175; Thompkins,78 Ohio St.3d at 387.
[12] Id.