OPINION
{¶ 1} Plaintiff-Appellant, Michael L. Bloomfield, Administrator of the Estate of Katherine A. Bloomfield, deceased, appeals the judgment of the Hancock County Court of Common Pleas, in favor of Defendants-Appellees, Mark R. Fox, M.D. and Blanchard Valley Medical Associates, Inc., on his claims of wrongful death and survivorship. On appeal, Appellant argues that the trial court erred in failing to exclude the testimony of one of Appellees' expert witnesses and that the trial court erred in precluding one of his experts from testifying with respect to the issue of proximate cause. Finding that the trial court did not err in failing to exclude the testimony of one of Appellees' expert witnesses and that the trial court did not err in precluding Appellant's expert from testifying with respect to the issue of proximate cause, we affirm the judgment of the trial court.
 {¶ 2} In November of 2004, Appellant filed a complaint for medical malpractice and wrongful death against Appellees. In his complaint, Appellant alleged that Dr. Fox[1] rendered inappropriate medical care and treatment to decedent, Katherine A. Bloomfield, resulting in her death on December 17, 2001.
 {¶ 3} In September of 2005, a jury trial was held. During the trial, Appellant called two expert witnesses. First, Appellant called Hadley Morganstern-Clarren, M.D., an internist from Cleveland, Ohio, to testify on the issue of standard of care. Second, Appellant called Joel Kahn, M.D., a cardiologist from Michigan, to testify on the issue of proximate cause. Additionally, Appellees called two expert witnesses. First, Appellees called Gregor McKendrick, M.D., a cardiologist from Michigan to testify. Second, Appellees called Jeff Galvin, M.D., an internist from Cleveland, Ohio.
 {¶ 4} At the conclusion of the trial, the jury returned a verdict in favor of the Appellees.
 {¶ 5} It is from this judgment Appellant appeals, presenting the following assignments of error for our review:
 Assignment of Error No. I The trial court erred in failing to exclude Dr. GregorMcKendrick as an expert witness for the defense.
 Assignment of Error No. II The trial court erred to Appellant's substantial prejudice byprecluding Appellant's internal medicine expert from testifyingat trial with respect to the issue of proximate causation.
 Assignment of Error No. I {¶ 6} In his first assignment of error, Appellant argues that the trial court erred in failing to exclude the testimony of Dr. Gregor McKendrick, because Dr. McKendrick divulged private, confidential information about Dr. Kahn to Appellees' counsel prior to trial. Specifically, Appellant asserts that Dr. McKendrick informed Appellees' counsel that Dr. Kahn had retained him as an expert witness in a medical malpractice case pending against Dr. Kahn in Michigan. As a result, Appellant argues that the trial court should have excluded Dr. McKendrick's testimony as a sanction for the misconduct of the Appellees' counsel. We disagree.
 {¶ 7} The trial court has sound discretion to determine an expert witness' qualifications to testify on a particular subject. State v. Jones, 90 Ohio St.3d 403, 414, 2000-Ohio-187, citing State v. Awkal, 76 Ohio St.3d 324, 331, 1996-Ohio-395. Therefore, any decision concerning the admission or exclusion of expert testimony will not be disturbed absent an abuse of discretion. Jones, 90 Ohio St.3d at 414, citing State v.Bidinost, 71 Ohio St.3d 449, 453, 1994-Ohio-465. The term abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blackmore v. Blakemore (1983),5 Ohio St.3d 217, 219. In an abuse of discretion review, an appellate court may not merely substitute its judgment for that of the trial court. Davis v. Flickinger, 77 Ohio St.3d 415, 416,1997-Ohio-260.
 {¶ 8} The basis of Appellant's argument arises out of the following question Appellees' counsel asked Appellant's cardiology expert, Dr. Kahn:
Isn't it true that you retained Dr. McKendrick as an expertwitness in one of your medical malpractice cases?
(Trial Tr. p. 144). After the question was asked, Appellant's counsel objected to the question, and the trial court and Appellant's counsel conducted a voir dire of Dr. Kahn out of the jury's presence. After the voir dire was conducted, the trial court sustained Appellant's objection and Dr. Kahn never answered the question.
 {¶ 9} Additionally, prior to Dr. McKendrick being called to testify, the trial court excused the jury to allow and entertain Appellant's motion to exclude Dr. McKendrick's testimony "on the basis that he breached certain duties and obligations with respect to a claim of medical malpractice * * * against Dr. Kahn." (Trial Tr. p. 434). Also, prior to making its decision on Appellant's motion to exclude Dr. McKendrick's testimony, the trial court conducted a voir dire of Dr. McKendrick out of the jury's presence.
 {¶ 10} During the voir dire, Dr. McKendrick stated that he told Appellees' counsel that he was asked to look at a case involving Dr. Kahn and had inquired about whether it was going to be a problem. Additionally, the trial court allowed Appellant's counsel to question Dr. McKendrick and draft a jury instruction to deal with or cure any problem caused by Appellees' question to Dr. Kahn. However, Appellant's counsel declined the opportunity to draft a jury instruction. Finally, the trial court allowed Appellant's counsel to review the record in order to determine whether there were any disciplinary rule matters and informed Appellant's counsel that it would look at them if there were any.
 {¶ 11} Upon our review of the record, we find that the trial court did not abuse its discretion in allowing Dr. McKendrick to testify. As noted above, the trial court took Appellant's motion to exclude Dr. McKendrick's testimony under proper advisement, including conducting two voir dires. Also, the trial court gave Appellant the opportunity to create a proper jury instruction to cure any problems, but Appellant's counsel declined. Thus, we cannot say that the trial court's decision to allow Dr. McKendrick to testify was unreasonable, arbitrary, or unconscionable.
 {¶ 12} Accordingly, Appellant's first assignment of error is overruled.
 Assignment of Error No. II {¶ 13} In his second assignment of error, Appellant argues that the trial court erred in not permitting his internal specialist, Dr. Morganstern-Clarren, to testify regarding proximate causation.
 {¶ 14} We begin by noting that prior to trial, Appellees filed a motion in limine to preclude Dr. Morganstern-Clarren's testimony on the issue of causation. After hearing Dr. Morganstern-Clarren's anticipated testimony and listening to the arguments of counsel, the trial court granted Appellees' motion to limit Dr. Morganstern-Clarren's testimony to the "standard of care" issue only.
 {¶ 15} A ruling on a motion in limine is a tentative, interlocutory, precautionary ruling by a court in anticipation of its ruling on evidentiary issues at trial. McCabe/Marra Co. v.Dover (1995), 100 Ohio App.3d 139. The denial or granting of a motion in limine does not preserve the error for review on appeal. State v. Hill (1996), 75 Ohio St.3d 195. It is incumbent upon the party seeking to introduce the evidence, who has been temporarily precluded from doing so, to offer the evidence at trial when the issue is actually reached during the trial by proffer or otherwise in order to enable the court to make a final determination as to its admissibility and to preserve the record for appeal. Evid. R. 103(A)(2); State v.Grubb (1986), 28 Ohio St.3d 199; State v. White (1982),6 Ohio App.3d 1. Absent a proffer, a reviewing court has no way of determining if the excluded evidence prejudiced the appellant.Sulfridge v. Piatt (Dec. 26, 2001), 4th Dist. No. 00CA695; seeIn re Whaley (1993), 86 Ohio App.3d 304; Board of CountyCommrs. of Lawrence Cty. v. Burgess Niple, Ltd. (Jan. 27, 1993), 4th Dist. No. 91CA24. Accordingly, if no proffer is made, the party seeking to introduce the evidence in question waives the error on appeal. Frazier v. Ullom Realty, Inc. (Feb. 13, 1998), 4th Dist. No. 97CA19.
 {¶ 16} Here, Appellees maintain that Appellant has waived his right to appeal the issue of Dr. Morganstern-Clarren's testimony because he failed to elicit Dr. Morganstern-Clarren's testimony regarding causation during direct examination or at any other time during its case. A review of the record reveals that Appellant did not attempt to introduce or proffer the evidence he sought to introduce nor did he renew his objection during trial.
 {¶ 17} Accordingly, we find that Appellant waived any alleged error. Appellant's second assignment of error is overruled.
 {¶ 18} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 Shaw and Cupp, JJ., concur.
[1] It is undisputed that Blanchard Valley Medical Associates, Inc. employed Dr. Fox.