OPINION
{¶ 1} Plaintiff-appellant Patricia L. Clark [hereinafter appellant] appeals from the March 6, 2003, Judgment Entry of the Knox County Court of Common Pleas which rendered a decision in favor of defendant-appellee Dr. John D. Tidyman, M.D. and the February 15, 2002, Judgment Entry which granted summary judgment in favor of defendant-appellee Knox Community Hospital.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On July 17, 2000, appellant filed this medical malpractice action in the Knox County Court of Common Pleas. On December 26, 2001, appellant filed an amended complaint which added defendant-appellee Dr. John D. Tidyman to the action. This case arises from medical services provided by Dr. Tidyman and radiologists at Knox Community Hospital. Appellant alleged that Dr. Tidyman, appellant's family physician, should have diagnosed the presence of cancer in time for treatment. In addition, appellant alleged that radiologists at Knox Community Hospital misread x-rays on two occasions in 1998 which, if read properly, would have lead to a timely diagnosis and treatment. Appellant now suffers from incurable and inoperable cancer which she claims would have been treatable but for the negligence of Dr. Tidyman and the radiologists.
 {¶ 3} On February 15, 2002, the trial court granted defendant-appellee Knox Community Hospital's Motion for Summary Judgment.
 {¶ 4} A jury trial commenced on February 3, 2003. On February 10, 2003, the jury returned a general verdict for Dr. Tidyman. That verdict was reduced to judgment by a Judgment Entry filed March 6, 2003.
 {¶ 5} Thus, it is from the March 6, 2003, and February 15, 2002, Judgment Entries that appellant appeals, raising the following assignments of error:
 {¶ 6} "I. The trial court committed reversible error by granting the motion for summary judgment of defendant Knox Community Hospital.
 {¶ 7} "II. The trial court committed reversible error by refusing to permit plaintiff to introduce testimony regarding her family physician's loss of his medical license and the conditions that led to it.
 {¶ 8} "III. The trial court committed reversible error by refusing to permit plaintiff to use the video deposition of defendant-appellant tidyman to impeach him at the trial on cross-examination.
 I {¶ 9} In the first assignment of error, appellant alleges that the trial court erred when it granted summary judgment in favor of appellee Knox Community Hospital. We agree.
 {¶ 10} Factually, this matter arose when appellant allowed the statute of limitations to expire against two radiologists at Knox Community Hospital who were independent contractors. However, appellant alleged in her complaint that she sent a 180-day notice letter to Knox Community Hospital to extend the statute of limitations for purposes of filing a medical malpractice action, pursuant to R.C. 2305.11.[1]
Thus, appellant asserts that the statute of limitations did not expire in regard to Knox Community Hospital.
 {¶ 11} Knox Community Hospital filed a motion for summary judgment in which the hospital argued that the Hospital could not be held vicariously liable for the actions of two independent contractors when the statute of limitations to bring a suit against those independent contractors had expired. The Hospital contended that the Hospital could not be held secondarily liable when the claims against the primary tortfeasors were barred. The trial court granted summary judgment in favor of Knox Community Hospital.
 {¶ 12} Generally, an employer or principal is not vicariously liable for the negligence of an independent contractor over whom it retained no right to control the mode and manner of doing the contracted for work. See Clark v. Southview Hospital Family Health Center
(1994), 68 Ohio St.3d 435, 438, 628 N.E.2d 46. However, in Albain v.Flower Hosp. (1990), 50 Ohio St.3d 251, 553 N.E.2d 1038, the Ohio Supreme Court recognized and adopted an exception to the general rules of agency and held that "[a] hospital may, in narrowly defined situations, under the doctrine of agency by estoppel, be held liable for the negligent acts of a physician to whom it has granted staff privileges." Subsequently, the Ohio Supreme Court expanded the application of the doctrine of agency of estoppel's application to hospitals in Clark v. Southview Hospital Family Health Center (1994), 68 Ohio St.3d 435, 628 N.E.2d 46
(overruling Albain v. Flower Hosp. [1990], 50 Ohio St.3d 251,553 N.E.2d 1038, paragraph four of the syllabus). In Clark, the Court held that "[a] hospital may be held liable under the doctrine of agency by estoppel for the negligence of independent medical practitioners practicing in the hospital when: (1) it holds itself out to the public as a provider of medical services; and (2) in the absence of notice or knowledge to the contrary, the patient looks to the hospital, as opposed to the individual practitioner, to provide competent medical care." Id. at syllabus.
 {¶ 13} The question is, however, must the plaintiff presenting an agency by estoppel claim against the hospital be able to include the independent contractor tortfeasors in the suit in order to retain a viable claim. We find that the agency by estoppel claim is a direct claim against the hospital and it is irrelevant whether the statute of limitations has run against the independent contractor.
 {¶ 14} Clark was based upon strong public policy. See Clark,
supra, at 441. The Clark Court reviewed the history surrounding the growth of hospital liability and those public policy issues. The Ohio Supreme Court stated as follows:
 {¶ 15} "Not only is the hospital of today a large, well-run business, . . . but advances in medical technology have inevitably spawned increased specialization and industrialization. Hospitals are the only place where the best equipment and facilities and a full array of medical services are available at any time without an appointment. With hospitals now being complex full-service institutions, the emergency room has become the community medical center, serving as the portal of entry to the myriad of services available at the hospital. As an industry, hospitals spend enormous amounts of money advertising in an effort to compete with each other for the health care dollar, thereby inducing the public to rely on them in their time of medical need. The public, in looking to the hospital to provide such care, is unaware of and unconcerned with the technical complexities and nuances surrounding the contractual and employment arrangements between the hospital and the various medical personnel operating therein. Indeed, often the very nature of a medical emergency precludes choice. Public policy dictates that the public has every right to assume and expect that the hospital is the medical provider it purports to be." Id. at 444.
 {¶ 16} Accordingly, the Clark Court concluded as follows:
 {¶ 17} "A hospital may be held liable under the doctrine of agency by estoppel for the negligence of independent medical practitioners practicing in the hospital if it holds itself out to the public as a provider of medical services and in the absence of notice or knowledge to the contrary, the patient looks to the hospital, as opposed to the individual practitioner, to provide competent medical care. (Albain v.Flower Hosp., supra, paragraph four of the syllabus, overruled.) Unless the patient merely viewed the hospital as the situs where her physician would treat her, she had a right to assume and expect that the treatment was being rendered through hospital employees and that any negligence associated therewith would render the hospital liable." Id. at 444-445. (citations omitted).
 {¶ 18} However, Clark did not directly answer the question herein, namely, whether such a plaintiff must be able to include the independent contractor tortfeasor in the suit in order to maintain a viable claim against a hospital. This questions seems to be yet unanswered by an Ohio appellate court or the Ohio Supreme Court. Appellant cites this court to cases from which appellant asks this court to infer an answer.
 {¶ 19} One of these cases that appellant cites to this Court isHolman v. Grandview Hospital Medical Center (1987),37 Ohio App.3d 151, 524 N.E.2d 903, a case in which a hospital was sued for the negligence of a nurse. The nurse was an employee of the hospital. The hospital was named as a defendant but the nurse was not named as a defendant. In that case, the Second District Court of Appeals ruled that the suit could proceed against the hospital despite the fact that the nurse was not named in the suit. Appellee responds that this case involved an employee-employer relationship and did not involve an independent contractor relationship.
 {¶ 20} Upon review, we find that a plaintiff may pursue a claim based upon agency by estoppel against a hospital even if it has not named the independent contractor tortfeasor as a party and/or a claim against the tortfeasor is not viable, if the hospital meets the criteria ofClark.[2] First, we find Holman persuasive despite the fact that it concerns an employee-employer relationship. In Clark, the Ohio Supreme Court, in creating an exception to the principals of agency and independent contractor doctrines, considered the difficulty that a patient faces in determining who is a hospital employee and who is an independent contractor. In so doing, the Court implied that courts should, in the case of hospitals, make no distinction between independent contractors and employees, within the constraints of Clark. As such, ifClark is otherwise applicable, the Court would make no distinction between employees and independent contractors.
 {¶ 21} Further, the public policy announcements in Clark lead this court to conclude that the Clark court sought to create an independent liability for hospitals based upon the actions of that hospital's independent contractors. The Clark court is quite specific that the public looks to the hospitals as the providers of the medical services sought.
 {¶ 22} Lastly, we note that while this issue was not addressed by the Clark court, the facts in Clark show that the negligent independent contractor tortfeasors were not parties to the suit at the time of trial. The independent contractors had been named as parties to the suit initially, but the plaintiff had settled her claims with them prior to trial. As such, the tortfeasors had been dismissed from the case.
 {¶ 23} As such, we find that the trial court erred in granting summary judgment in favor of appellee Knox Community Hospital on the legal issue of whether the hospital could be held vicariously liable for the actions of two independent contractors when the statute of limitations to bring suit against those contractors had expired.
 {¶ 24} Accordingly, appellant's first assignment of error is sustained.
 II {¶ 25} In the second assignment of error, appellant argues that the trial court erred when it refused to permit appellant to introduce testimony regarding Dr. Tidyman's loss of his medical license and the conditions that led to it.
 {¶ 26} We will first address appellee Dr. Tidyman's argument that appellant waived any alleged error by failing to proffer the evidence. Dr. Tidyman raised this issue to the trial court in a Motion in Limine. The trial court granted the Motion in Limine. However, a ruling on a motion in limine is a tentative, interlocutory, precautionary ruling by a court in anticipation of its ruling on evidentiary issues at trial.McCabe-Marra Co. v. Dover (1995), 100 Ohio App.3d 139, 652 N.E.2d 236. The denial or granting of a motion in limine does not preserve the error for review on appeal. State v. Hill (1996), 75 Ohio St.3d 195,661 N.E.2d 1068. It is incumbent upon the party seeking to introduce the evidence, who has been temporarily precluded from doing so, to offer the evidence at trial when the issue is actually reached during the trial by proffer or otherwise in order to enable the court to make a final determination as to its admissibility and to preserve the record for appeal. Evid. R. 103(A)(2); State v. Grubb (1986), 28 Ohio St.3d 199,503 N.E.2d 142; State v. White (1982), 6 Ohio App.3d 1, 451 N.E.2d 533. See Jones v. Capco, Cuyahoga App. No. CV-441168, 2003-Ohio-5807. Absent a proffer, a reviewing court has no way of determining if the excluded evidence prejudiced the appellant. Sulfridge v. Piatt (Dec. 26, 2001), Adams App. No. 00CA695; See also In Re: Whaley (1993), 86 Ohio Ap.3d 304, 620 N.E.2d 954; Board of County Commissioners of Lawrence Cty., Ohiov. Burgess Niple (Jan. 27, 1993), Lawrence App. No. 91CA24. Accordingly, if no proffer is made, the party seeking to introduce the evidence in question waives the error on appeal. Frazier v. UllomRealty, Inc. (Feb. 13, 1998), Lawrence App. No. 97CA19.
 {¶ 27} In this case, appellant failed to proffer any evidence regarding the alleged license suspension and the conditions surrounding it at the point of the trial when the issue was actually reached. Further, appellant never asked nor attempted to ask any specific questions regarding the license suspension. The closest that appellant came to asking a question related to the topic was by inquiring as follows:
 {¶ 28} "Q. And it's your testimony that from that point on your lack of privileges was totally voluntary on your part?
 {¶ 29} "Mr. Munsell: Objection. May we approach?
 {¶ 30} "The Court: Sustain the objection. You don't need to approach. Next question, please." Transcript of Proceedings at pg. 872.
 {¶ 31} Notably, when the trial court sustained appellee's objection related to that testimony, appellant failed to make any proffer of what the testimony would have been had it been allowed.
 {¶ 32} Accordingly, we find that appellant waived any alleged error. Appellant's second assignment of error is overruled.
 III {¶ 33} In the third assignment of error, appellant argues that the trial court erred when it refused to permit appellant to use the video deposition of appellee Dr. Tidyman for purposes of impeachment on cross examination. Appellant contends that the impeachment of Dr. Tidyman was very important to her case and that the impeachment would have been more effective had the video deposition been permitted to be used.
 {¶ 34} Civil Rule 32 concerns the use of depositions. It states the following, in relevant part:
 {¶ 35} "A) Use of depositions
 . . . {¶ 36} "At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any one of the following provisions:
 {¶ 37} "(1) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness." The 1972 staff notes to Civ. R. 32 and Civ. R. 30(B)(3) provide for the recording of a deposition by means other than stenography, for example, by having the deposition videotaped.
 {¶ 38} We find that even if the trial court did err in not permitting the use of the video deposition for cross examination purposes, appellant has failed to show prejudice. Appellant was given full opportunity to cross examine and impeach Dr. Tidyman using the transcript of the video deposition. Thus, the jury was not precluded from hearing the testimony given by Dr. Tidyman during the deposition. Only the form in which it was presented was restricted. We note that at earlier points in the trial, appellant was content to impeach Dr. Tidyman through the use of the transcript. Upon due consideration, we find no showing of prejudice and thus no reversible error.
 {¶ 39} Accordingly, appellant's third assignment of error is overruled.
 {¶ 40} The judgment of the Knox County Court of Common Pleas is hereby affirmed, in part, and reversed, in part. This matter is remanded for further proceedings consistent with this opinion.
Gwin, P.J. and Wise, J. concur.
[1] At the time, Revised Code 2305.11 stated as follows, in relevant part: "(B)(1) [A]n action upon a medical, dental, optometric, or chiropractic claim shall be commenced within one year after the cause of action accrued, except that, if prior to the expiration of that one-year period, a claimant who allegedly possesses a medical, dental, optometric, or chiropractic claim gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim, that action may be commenced against the person notified at any time within one hundred eighty days after the notice is so given." Revised Code 2305.11 was subsequently amended, removing the 180-day exception.
[2] In Clark, the Court held that "[a] hospital may be held liable under the doctrine of agency by estoppel for the negligence of independent medical practitioners practicing in the hospital when: (1) it holds itself out to the public as a provider of medical services; and (2) in the absence of notice or knowledge to the contrary, the patient looks to the hospital, as opposed to the individual practitioner, to provide competent medical care." Id. at syllabus. The issue of whether these conditions were met in this case was not raised in the motion for summary judgment. Therefore, this Court does not reach nor decide whether Clark
is otherwise applicable. Our decision is limited to the legal issue posed in the motion for summary judgment.