DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Henry Lovett, appeals the decision of the Lorain County Court of Common Pleas, which granted summary judgment in favor of appellee, Lorain Community Hospital ("LCH"). This Court reverses and remands.
 I. {¶ 2} Appellant was admitted to LCH on October 7, 1996, for Crohn's disease and complications from the disease. To alleviate his abdominal pain, appellant received intramuscular injections of Demerol and Vistaril throughout his stay in LCH. The injection that led to this appeal was administered on October 10, 1996, by Regina Allen, a student nurse from Lorain County Community College. At the time the injection was given, Ms. Allen was being supervised by Carrie Ott, a registered nurse employed as a nursing instructor by Lorain County Community College. Appellant claimed that, while administering the injection, Ms. Allen punctured his sciatic nerve, causing him injury.
 {¶ 3} Appellant filed the complaint in the initial action underlying this appeal on March 5, 1998, against "Lorain Community Hospital, Florencio Yuzon, M.D. and `Jane Doe, a nurse.'" Appellant voluntarily dismissed the action, and then re-filed the action on June 11, 2001, against "Lorain Community Hospital, Regina Allen, and Carrie M. Ott."[1] Appellant's complaint alleged that LCH, Regina Allen, and Carrie Ott were joint and severally liable for an injury to his sciatic nerve that he suffered when Regina Allen administered an intramuscular injection to him on October 10, 1996, while he was at patient at LCH.
 {¶ 4} The parties filed various motions resulting in appellant's dismissal of his claim against Carrie Ott and the trial court's award of summary judgment in favor of both Regina Allen and LCH.
 {¶ 5} Appellant timely appealed the trial court's award of summary judgment in favor of LCH,[2] setting forth one assignment of error for review.
 ASSIGNMENT OF ERROR
"The Lorain County court of Common Pleas erred by granting the defendant Lorain Community Hospital summary judgment against the plaintiff."
 {¶ 6} In his sole assignment of error, appellant argues that the trial court erred by granting LCH's motion for summary judgment. This Court agrees.
 {¶ 7} Pursuant to Civ.R. 56(C), it is appropriate for a trial court to grant summary judgment when:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 8} To succeed on a summary judgment motion, the movant "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292. If the movant satisfies this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 293, quoting Civ.R. 56(E).
 {¶ 9} An appellate court will review summary judgment de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997),123 Ohio App.3d 158, 162. Like the trial court, the appellate court must view the facts in the light most favorable to the nonmoving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7,12. Any doubt must be resolved in favor of the nonmoving party. Id.
 {¶ 10} In its motion for summary judgment, LCH argued that it could not be held liable for the actions of Ms. Allen and Ms. Ott under the theory of respondeat superior or an agency theory because Ms. Allen and Ms. Ott were not employees of LCH and were no longer parties in the case.
 {¶ 11} In his opposition to LCH's motion for summary judgment, appellant argued that LCH was vicariously liable for the actions of Ms. Allen under the theory of respondeat superior because Ms. Allen was acting as LCH's agent when she administered the injection to appellant. Appellant conceded in its opposition to Ms. Allen's renewed motion for summary judgment that Ms. Allen was not an employee of LCH. Instead, appellant argued that the "apprentice" relationship between Ms. Allen and LCH resulted in a modern day "master-servant" relationship making LCH vicariously liable for Ms. Allen's actions.
 {¶ 12} In Clark v. Risko, 5th Dist. No. 03CA14, 2003-Ohio-7272, the Fifth District Court of Appeals addressed the issue of whether a hospital may be held vicariously liable for the actions of two independent contractors when the statute of limitations to bring suit against those contractors had expired. In doing so, the Fifth Appellate Court stated:
"Generally, an employer or principal is not vicariously liable for the negligence of an independent contractor over whom it retained no right to control the mode and manner of doing the contracted for work. See Clark v. Southview Hospital FamilyHealth Center (1994), 68 Ohio St.3d 435, 438, 1994 Ohio 519,628 N.E.2d 46. However, in Albain v. Flower Hosp. (1990),50 Ohio St.3d 251, 553 N.E.2d 1038, the Ohio Supreme Court recognized and adopted an exception to the general rules of agency and held that `[a] hospital may, in narrowly defined situations, under the doctrine of agency by estoppel, be held liable for the negligent acts of a physician to whom it has granted staff privileges.' Subsequently, the Ohio Supreme Court expanded the application of the doctrine of agency of estoppel's application to hospitals inClark v. Southview Hospital Family Health Center (1994),68 Ohio St.3d 435, 1994 Ohio 519, 628 N.E.2d 46 (overruling Albainv. Flower Hosp. [1990], 50 Ohio St.3d 251, 553 N.E.2d 1038, paragraph four of the syllabus). In Clark, the Court held that `[a] hospital may be held liable under the doctrine of agency by estoppel for the negligence of independent medical practitioners practicing in the hospital when: (1) it holds itself out to the public as a provider of medical services; and (2) in the absence of notice or knowledge to the contrary, the patient looks to the hospital, as opposed to the individual practitioner, to provide competent medical care.' Id. at syllabus.
"The question is, however, must the plaintiff presenting an agency by estoppel claim against the hospital be able to include the independent contractor tortfeasors in the suit in order to retain a viable claim. We find that the agency by estoppel claim is a direct claim against the hospital and it is irrelevant whether the statute of limitations has run against the independent contractor.
"* * *
"However, Clark did not directly answer the question herein, namely, whether such a plaintiff must be able to include the independent contractor tortfeasor in the suit in order to maintain a viable claim against a hospital. This question seems to be yet unanswered by an Ohio appellate court or the Ohio Supreme Court. * * *
"* * *
"Upon review, we find that a plaintiff may pursue a claim based upon agency by estoppel against a hospital even if it has not named the independent contractor tortfeasor as a party and/or a claim against the tortfeasor is not viable, if the hospital meets the criteria of Clark. * * * In Clark, the Ohio Supreme Court, in creating an exception to the principals of agency and independent contractor doctrines, considered the difficulty that a patient faces in determining who is a hospital employee and who is an independent contractor. In so doing, the Court implied that courts should, in the case of hospitals, make no distinction between independent contractors and employees, within the constraints of Clark. As such, if Clark is otherwise applicable, the Court would make no distinction between employees and independent contractors.
"Further, the public policy announcements in Clark lead this court to conclude that the Clark court sought to create an independent liability for hospitals based upon the actions of that hospital's independent contractors. The Clark court is quite specific that the public looks to the hospitals as the providers of the medical services sought.
"Lastly, we note that while this issue was not addressed by theClark court, the facts in Clark show that the negligent independent contractor tortfeasors were not parties to the suit at the time of trial. The independent contractors had been named as parties to the suit initially, but the plaintiff had settled her claims with them prior to trial. As such, the tortfeasors had been dismissed from the case." Clark v. Risko, 2003-Ohio-7272, ¶¶ 12-22
 {¶ 13} In the case sub judice, the trial court granted summary judgment in favor of LCH on the ground that appellant did not prove that Ms. Allen and Ms. Ott were employees of LCH. This Court adopts the view of the Fifth District Court of Appeals set forth in Clark, and finds that the trial court improperly granted summary judgment in favor of LCH on the ground that appellant did not prove that Ms. Allen and Ms. Ott were employees of LCH. Furthermore, this Court finds that a genuine issue of material fact exists as to whether Ms. Allen was LCH's agent. Appellant's assignment of error is sustained.
 III. {¶ 14} The judgment of the Lorain County Court of Common Pleas is reversed, and the cause remanded for further action consistent with this opinion.
Judgment reversed, and cause remanded.
Whitmore, J., concurs.
[1] Defendant Dr. Yuzon settled with appellant prior to appellant's re-filing of the complaint.
[2] Appellant did not appeal the trial court's entry dated March 13, 2003, which granted Regina Allen's renewed motion for summary judgment.