OPINION
{¶ 1} Defendant-appellant Leon Kisseberth appeals from an aggregate sentence of from 21 years to life imposed after this cause was remanded to the trial court by the *Page 2 
Ohio Supreme Court for re-sentencing in accordance with State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Appellate counsel has filed a brief pursuant to Anders v. California (1967), 386 U.S. 738, wherein he recites that he has found no potential assignments of error having arguable merit. We have performed our duty, under Anders v.California, supra, to review the record independently, and we also find no potential assignments of error having arguable merit.
 {¶ 2} Kisseberth was charged by indictment with one count of Sexual Battery, with a sexually violent predator specification, and two counts of Unlawful Sexual Conduct with a Minor, with an age specification and a prior rape conviction. Following a jury trial, Kisseberth was found guilty on all counts and specifications. The trial court imposed an aggregate sentence of from 21 years to life.
 {¶ 3} Kisseberth appealed from his conviction and sentence, and we affirmed. State v. Kisseberth, 2005-Ohio-3059, Montgomery App. No. 20500. Later, following an appeal to the Ohio Supreme Court, that court remanded this cause to the trial court for re-sentencing pursuant toState v. Foster, supra. We have not found that order of remand from the Ohio Supreme Court either in the record or on Westlaw, but Kisseberth's present appellate counsel represents that there was an order of remand, and the trial court noted, on the record at the re-sentencing hearing, that the cause was remanded by order of the Ohio Supreme Court on May 16, 2006.
 {¶ 4} Following a new sentencing hearing, at which Kisseberth and his counsel were given the opportunity to address the court, the trial court discussed the severity of the offenses of which Kisseberth was convicted, and his recidivism, and proceeded to re-sentence Kisseberth in accordance with State v. Foster, supra. The trial court *Page 3 
imposed the same sentence that it had previously imposed, aggregating 21 years to life.
 {¶ 5} Kisseberth has appealed from his new sentence. His appellate counsel has filed a brief pursuant to Anders v. California, supra, noting that he can find no potential assignments of error having arguable merit. By entry filed December 12, 2006, Kisseberth was advised that an Anders brief had been filed on his behalf, and he was given sixty days from that date to file his own, pro se brief. He has not filed a pro se brief.
 {¶ 6} We have performed our duty, under Anders v. California, supra, to review the record independently. We have found no potential assignments of error having arguable merit. We conclude that this appeal is wholly frivolous. Accordingly, the judgment of the trial court is Affirmed.
 BROGAN and GRADY, JJ., concur. *Page 1